(No. 824—Claimant awarded $1,000.00.)

MICHAEL W. WRIGHT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

RESPONDEAT SUPERIOR—*State not liable for injuries sustained by its employees in discharging their duty.* The State is not liable for injuries sustained by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made to injured employee.* While there may be no legal liability against the State for injuries sustained by its employees in the discharge of their duty, yet in the interest of social justice and equity an award may be made for injuries sustained.

JOHN G. FRIEDMEYER, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, Michael W. Wright, brings this suit for the reason of damages received by him while operating the elevator in the State Capitol building.

The facts in the case alleged in his declaration are substantially as follows:

On the 11th day of October, 1921, he was directed by the custodian of the capitol building, in charge of the Secretary of State, to operate a certain elevator of the State while the inspectors were present to inspect the same. The elevator was being tested by operating the same. The elevator was loaded with pig iron, increasing the weights along from time to time to test its strength. The claimant was then operating it for such testing. He had made fifteen trips without any accident, and ordered to make another under high speed, as was usual to do in making such tests; and while the elevator was running at great speed, in accordance with the instruction of his superior officer, on reaching the third floor the clutches caught in the mechanism of the elevator, and suddenly stopped with a terrific jar, by means of which claimant was thrown with great force upon the bars of pig iron which lay on the floor of the elevator car. He was rendered unconscious and hurt about the abdomen, left side, left hip, and hurt internally.

The claimant was under the care and treatment of Dr. Patton for four or five months. He continued in his regular employment till April, 1922, and continued earning his regular salary of $100.00 per month. He then obtained leave of absence for six months from May 1, 1922, during which time he received no pay from the State, and went back to work November 21, 1922, at same salary, was off again on leave of absence from May, 1923, to November, 1924, during which time he received no pay. He was injured about the head and spine and his nervous condition shattered and complications developed which have become chronic.

He claims to have paid out large sums of money to Drs. Tripp, Patton, Bennett, Imlay and other persons.

Mr. Millspaugh testifies that claimant was off duty and off payroll for eight months and twenty-five days. Dr. Trapp testified that claimant had some enlargement of the heart, hardening of the arteries, digestive organs inflammation of the gall bladder, adhesions of the bowels, adhesion of the appendix, chronic appendicitis, swelling in right groin, which could not alone have been due to old age; and that his disabilities are permanent. His bill is $82.00.

The evidence is not disputed, except that Mr. Scott, superintendent of buildings, testified he had told claimant that when the Otis people came to test the elevator for him to step

off and let the Otis people put on their own man. This Wright denies under oath. This is the only controverted point. Inasmuch as Scott is not corroborated upon that point and Wright denies it, it must be solved in Wright's favor, there being no other facts to corroborate the evidence of Scott and the witnesses being of equal credibility.

The State, through its attorney, cites authorities to the effect that the State is not liable from a legal standpoint. This is true, but in the interest of social justice, we have decided to make an award for claimant. The evidence as a whole presents a somewhat complicated case, and it is a little difficult to arrive at a just conclusion. There is no doubt in the minds of the court that the claimant is in a very bad physical condition, and from the evidence we must conclude it was due to the injuries, both external and internal, he received at the time of the accident that caused the condition. He testifies that he is practically totally disabled. The evidence shows that he is still in the employ of the State at his usual salary, that had existed prior to and up to the time he was injured. In the interest of social justice and equity, we have decided to award the claimant the sum of $1,000.00.